IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )  CRIMINAL NO.: 2:25-cr-00175-BHH-1 |
| | ) |
| v. | ) |
| | ) |
| ROBIN JENKINS | ) |

**PRELIMINARY ORDER OF FORFEITURE**
**AS TO ROBIN JENKINS**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Robin Jenkins, ("Jenkins", "Defendant"), based upon the following:

1. On February 11, 2025, an Indictment was filed charging Robin Jenkins with:

    Count 1:    Conspiracy to commit wire fraud by providing fraudulent and false representations and/or fraudulent documentation to the Small Business Administration and its approved third-party lenders to obtain PPP funds, in violation of 18 U.S.C. § 1349;

    Counts 2-4:    Wire fraud related to fraudulent applications for, and receipt of PPP loan funds, in violation of 18 U.S.C. § 1343.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that, upon Robin Jenkins' conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to, the following:

    Proceeds/Forfeiture Judgment:[1]

    A sum of money equal to all proceeds the Defendants obtained directly or indirectly as the result of the offenses charged in this Indictment, that is, a minimum of $62,499.00 and all interest and proceeds traceable thereto,

---

[1] The government is pursuing a forfeiture judgment in the amount of $20,832.50.

Order, p. 1 of 4

and/or such sum that equals all property derived from or traceable to their violation of 18 U.S.C. §§ 1343 and 1349.

3. On July 29, 2025, Robin Jenkins signed a plea agreement and on January 21, 2026, she will enter a plea of guilty to Count 2 of the Indictment.

4. Based upon Defendant's conviction, the court has determined that the government has established the requisite nexus between the amount of proceeds and the offense for which Jenkins has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights. The court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Therefore, it is ORDERED that all property, real or personal, which constitutes or is derived from proceeds traceable to Defendant's violations of Title 18, United States Code, Sections 1343 are forfeited to the United States.

5. The Court further finds that one or more of the conditions set forth in Title 21, United States Code, Section 853(p), exists.

6. It is, therefore, ORDERED that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by Defendant Robin Jenkins as a result of her violations of Title 18, United States Code, Section 1343 and that such substitute assets shall not exceed the value of the proceeds Defendant Robin Jenkins obtained of $20,832.50.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all right, title, and interest of the Defendant, Robin Jenkins, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n).

2. FORFEITURE IS ORDERED against Robin Jenkins and in favor of the United States in the amount of $20,832.50, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order to substitute property to satisfy the judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed judgment.

4. Upon entry of this Order, the Government is further authorized to conduct discovery to identify or locate other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

7. The court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

8. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

[SIGNATURE PAGE TO FOLLOW]

AND IT IS SO ORDERED.

                                                                s/ Bruce Howe Hendricks
                                                                BRUCE HOWE HENDRICKS
                                                                UNITED STATES DISTRICT JUDGE

December 19 , 2025
Charleston, South Carolina